**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4966**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

JEFFREY MARCELLOUS STEWART,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Catherine C. Blake, District Judge.  (CR-04-252-CCB)

---

Submitted:  July 21, 2006          Decided:  August 8, 2006

---

Before WILLIAMS, MOTZ, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

James Wyda, Federal Public Defender, Jeffrey E. Risberg, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Gregory Welsh, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jeffrey Marcellous Stewart entered a conditional guilty plea to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000). He reserved the right to appeal the denial of his motion to suppress. Following his conviction, Stewart timely appealed, challenging the district court's denial of his motion to suppress.

On appeal from the denial of a motion to suppress, this court reviews the district court's legal conclusions de novo and its factual findings for clear error. United States v. Jones, 356 F.3d 529, 533 (4th Cir. 2004). We review the facts in the light most favorable to the party that prevailed below. Id.

Police officers discovered the incriminating evidence after being given consent to enter Stewart's home by a third party. The government can justify a warrantless search by showing permission to search by "a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected." United States v. Matlock, 415 U.S. 164, 171 (1974).

We have reviewed the record and the parties' briefs and conclude that the authority of the third party here was apparent under the circumstances and the police acted reasonably in relying on her consent. See Illinois v. Rodriguez, 497 U.S. 177, 186 (1990); United States v. Kinney, 953 F.2d 863, 866-67 (4th Cir.

1992).  Accordingly, the district court did not err in denying Stewart's motion to suppress.

Therefore, we affirm Stewart's conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED